UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DALE THOMAS ANDERSON,<br><br>Petitioner,<br><br>vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Respondents. | Case No: C 10-2020 SBA (PR)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

By Order dated December 9, 2010, the Court denied Respondent's motion to dismiss, and granted Petitioner's request to stay the action so that he could return to state court to exhaust his unexhausted claims. Dkt. 6 at 2. The Order stated, inter alia, that: "Respondent's motion to dismiss the petition for failure to exhaust state court remedies (docket no. 4) is DENIED without prejudice to refiling if Petitioner fails diligently to pursue exhaustion in state court of his unexhausted claims." Id.

The Court administratively closed the action during the pendency of the stay. Id. at 3. In addition, the Court directed that: "[Petitioner] must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to the claims." Id. at 2-3 (emphasis in original). In violation of that Order, Petitioner has failed to file any status reports. The Court has reviewed the California Court's website, but has been unable to locate any information regarding whether Petitioner made any further efforts to

exhaust his unexhausted claims.

District courts may dismiss an action based on the failure of a habeas petitioner to comply with a court order or for lack of prosecution. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas petition because of petitioner's disobedience with orders setting filing deadlines); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (affirming dismissal of prisoner's civil rights complaint for failure to file opposition to motion to dismiss as required by local rule). In determining whether to dismiss a claim for disobedience with a court order or the failure to prosecute pursuant to Rule 41(b), the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan, 291 F.3d at 642; Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Accordingly,

IT IS HEREBY ORDERED THAT within **twenty-eight (28) days** of the date this Order is filed, each party shall file a Certificate of Counsel to explain why the case should or should not be dismissed. The Certificate shall set forth the nature of the cause, its present status, the reason why a final determination of the action has not been sought or the action otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.

IT IS SO ORDERED.

Dated: 5/3/17

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge